DANIEL LAWLER

*v.*

JOHN SLOAN.

Specific performance of a contract to convey lands cannot be enforced where
the lands purport to have been sold absolutely by an agent of the defendant,
who, in fact, had authority to sell such lands for a highway only.

On bill for specific performance.

*Mr. Charles Haight,* for complainant.

*Mr. J. Henry Stone,* for defendant.

BIRD, V. C.

This bill was filed to compel a specific performance of a contract
for sale of lands. The alleged sale was effected through an agent
of the defendant. The written agreement shows that the sale,
if made at all, was to be an absolute and unqualified sale, and
that there is nothing on the face of the paper-writing which in-
dicates that any condition or limitation was to be annexed to the
grant. The written agreement was signed by the defendant,
through his agent. The defendant denied all right or authority
in the agent to make any sale. The agent, in speaking, when on
the witness-stand, of his authority and what his authority was,
and the extent of it, said that the defendant authorized him to
make sale of the land in question for a road. This is not the
agreement set forth in the bill; it is totally variant therefrom.
The bill and testimony are inharmonious. It is impossible for
the court to enforce the alleged contract set up in the bill, for the
defendant made no such contract. It is impossible for the court
to enforce the contract alleged with the condition respecting a
road, for such a contract was not entered into between the parties.
It will not do for the complainant to say, "I will accept the con-
tract with such modification;" the defendant has an undoubted
right to say, "I have not made any such contract." The case is

radically different from what it would have been had the defendant agreed to convey a perfect title, and the land had been subject to an easement which he could not release or control; in such case the complainant would have a just right to say, " I will take what you can give," for then the burden is already laid upon the fee, whilst, in the case in hand, if the court had the power to say to the complainant, " You must execute and deliver a deed to the complainant for this land to be used for a road," the court would not only be adding a new term to the contract but might impose the most serious conditions on the defendant because of such new term. This condition might affect others; how can the court tell? This condition might most seriously damage other lands or interests of the defendant. Can the court presume to say it will not? But it appears that the agent was not authorized to make any such agreement.

I will advise a decree dismissing the bill, with costs.